IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL AARON JACOBY                                                                          PLAINTIFF

v.                                                        Civil No. 5:20-5165

JOHN AND JANE DOE KARAS
MEDICAL STAFF, Washington County
Detention Center                                                                              DEFENDANTS

## ORDER

Currently before the Court is Plaintiff's failure to obey a Court order and failure to prosecute this case. Plaintiff Michael Aaron Jacoby, who was an inmate in the Washington County Detention Center, filed his *pro se* civil rights action under 42 U.S.C. § 1983 on September 11, 2020. (ECF No. 1). Also on September 11, 2020, Plaintiff was directed to file an Amended Complaint by September 30, 2020. (ECF No. 3).

In addition, the Court's Order states: "Plaintiff is advised that he is required to immediately inform the Court of any change of address. If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address." (ECF No. 3). The Court's Order further states: "Failure to inform the Court of an address change shall result in the dismissal of this case." (ECF No. 3).

Plaintiff has not filed an Amended Complaint as directed by the Court's Order. In addition, on October 1, 2020, mail addressed to the Plaintiff at the Washington County Detention Center, was returned to the Clerk of this Court. (ECF No. 6). The mail was marked "Return to Sender, No Longer at this Facility." The postal sticker states: "Return to Sender Not Deliverable as Addressed Unable to Forward." (ECF No. 6).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

IT IS SO ORDERED THIS 16th day of November 2020.

> */s/ P. K. Holmes, III*
> P.K. HOLMES, III
> U.S. DISTRICT JUDGE